UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x
SUNNY KUMAR,

               Petitioner,

       - against -

RAUL MALDONADO, JR., *et al.*,

               Respondents.
-------------------------------------------------------------------x

**MEMORANDUM AND ORDER**
26-CV-3516 (OEM)

ORELIA E. MERCHANT, United States District Judge:

On June 11, 2026, Sunny Kumar ("Petitioner") filed a petition for a writ of habeas corpus against Raul Maldonado, Jr., in his official capacity as Warden of the Metropolitan Detention Center; Judith Almodovar, in her official capacity as Field Office Director, New York Field Office, U.S. Immigration and Customs Enforcement ("ICE"); David Venturella, in his official capacity as the Acting Director of ICE; Todd Blanche, in his official capacity as Acting U.S. Attorney General; and Markwayne Mullin, in his official capacity as Secretary for the Department of Homeland Security (collectively, "Respondents"). *See generally* Verified Emergency Petition for Writ of Habeas Corpus and Incorporated Memorandum of Law, Dkt. 1 ("Petition" or "Pet."). Petitioner challenges the lawfulness of his ongoing detention by ICE under the Immigration and Nationality Act ("INA") and the Fifth Amendment of the U.S. Constitution ("Fifth Amendment"). *Id.* ¶¶ 48-61. Petitioner seeks his immediate release, and in the alternative, a bond hearing whereby "the government [must] show by clear and convincing evidence that Petitioner is a flight risk or a danger to the community." *Id.* ¶ 11.

For the following reasons, the Petition is denied.

## BACKGROUND

### A. Petitioner's Entry and January 2026 Arrest

Petitioner is a native and citizen of India. *Id.* ¶ 1; Letter from Respondents to the Court (June 18, 2026) at 1, Dkt, 9 ("Return"); Declaration of Deportation Officer Crystal Harris ¶ 3, Dkt. 10 ("Harris Decl."). He entered the United States unlawfully on April 11, 2023, near Lukeville, Arizona. Harris Decl. ¶ 4. He was encountered by Customs and Border Protection ("CBP") following his entry and was subsequently arrested and placed in removal proceedings. *Id.* ¶ 4-7. On April 13, 2023, Petitioner was released on his own recognizance and ordered to report to an ICE office in Mount Laurel, New Jersey two weeks later. *Id.* ¶ 8. Petitioner successfully changed the venue for his immigration proceedings from New Jersey to New York on May 20, 2025. *Id.* ¶ 12.

On January 21, 2026, ICE officers arrested Petitioner at 26 Federal Plaza in New York, New York when he reported for a routine check-in. *Id.* ¶ 14. Following his arrest, he was transferred to Delaney Hall Detention Facility in Newark, New Jersey ("Delaney Hall"). *Id.* ¶ 15.

### B. Petitioner's District of New Jersey Habeas Petition

On January 26, 2026, Petitioner filed a habeas petition in the United States District Court for the District of New Jersey. *See Kumar v. Soto*, 26-cv-793 (ES) (D.N.J.) ("*Kumar I*"). In the *Kumar I* habeas petition, Petitioner asserted that: (1) his detention violated his Fifth Amendment due process rights because ICE had unlawfully detained him pursuant to 8 U.S.C. § 1225(b)(2) where he should have been detained pursuant to 8 U.S.C. § 1226; (2) his Fifth Amendment substantive due process rights had been violated because he had been detained without an individualized determination by ICE; and (3) his detention violated the Administrative Procedure

Act ("APA"). *See* Return, Appendix 1 at 5-8, Dkt. 9-1("*Kumar I* Petition or "*Kumar I* Pet."). In the *Kumar I* Petition, Petitioner sought either his immediate release or a bond hearing. *Id.* at 2.

On January 29, 2026, the court in *Kumar I* ordered the respondents, in relevant part, to "provide Petitioner with an individualized bond hearing before an immigration judge who shall assess whether Petitioner presents a flight risk or a danger to the community, pursuant to 8 C.F.R. § 236.1(c)(8), (d)(1)." Return, Appendix 2, Dkt. 9-2 ("*Kumar I* Order"). Pursuant to the *Kumar I* Order, Petitioner was provided with a bond hearing on February 4, 2026. *See* Harris Decl. ¶ 17. The immigration judge denied bond that same day, finding that Petitioner was a flight risk. Return, Appendix 3, Dkt. 9-3 ("IJ Bond Order"); Return, Appendix 4, Dkt. 9-4 ("IJ Bond Memorandum").

The *Kumar I* court dismissed the *Kumar I* Petition on May 21, 2026, noting that it had "granted Petitioner all available relief, [and] no issues remain[ed] for adjudication." Return, Appendix 5, Dkt. 9-5 ("*Kumar I* Dismissal").

## C. The Instant Habeas Petition

On May 29, 2026, ICE transferred Petitioner from Delaney Hall to the Metropolitan Detention Center in Brooklyn, New York ("MDC Brooklyn"). Harris Decl. ¶ 26. On June 11, 2026, Petitioner filed the instant Petition through new counsel, contending that "the mandatory detention of Petitioner without an individualized bond hearing determination violates [his] Fifth Amendment due process rights." Pet. ¶ 9. The Petition pleads the following counts: (1) that "[t]he application of [8 U.S.C.] § 1225(b) to Petitioner unlawfully mandates his continued detention and violates the INA"; and (2) that Petitioner's detention violates the Due Process Clause of the Fifth Amendment. *Id*. ¶¶ 48-61. Petitioner asks this Court to immediately release him or "provide a bond hearing under [8 U.S.C.] § 1226(a) within seven days, and properly place the burden of proof

on the government to show by clear and convincing evidence that Petitioner is a flight risk or a danger to the community." *Id*. ¶ 11.

On June 18, 2026, Petitioner's counsel in this action filed a letter stating that he was unaware of *Kumar I* until he was informed by Respondents' counsel that day. *See* Letter from Petitioner to the Court (June 18, 2026), Dkt. 8 ("Petitioner's Letter" or "Pet'r Letter"). Nonetheless, Petitioner contends that his February 2026 bond hearing did not remedy his "arbitrary re-detention without due process" and that the February bond hearing "did not comport with his due process rights" because he bore the burden of proving he was not dangerous or a flight risk. *Id.* at 2. Accordingly, Petitioner still seeks the relief sought in the instant Petition. *Id.*

## DISCUSSION

Respondents contend that the Petition should be denied under the abuse of the writ doctrine. Return at 3-6. Petitioner did not address abuse of the writ in the Petition, but "believe[s] that the correct remedy for [his] arbitrary re-detention without a pre-deprivation hearing is [his] immediate release" notwithstanding *Kumar I*. Pet'r Letter at 2.

The abuse of the writ doctrine holds that "a court need not entertain a petition that abuses the habeas process." *Esposito v. Ashcroft*, 392 F.3d 549, 550 (2d Cir. 2004); *see Cardona v. Taylor*, 1:17-cv-320-GHW, 2017 WL 1291996, at *2 (S.D.N.Y. Apr. 3, 2017) (applying the abuse of the writ doctrine within the context of immigration detention). "[T]he 'abuse of the writ' doctrine is a substitute for res judicata in the context of second habeas petitions." *Cardona*, 2017 WL 1291996, at *2 (citing *Muniz v. United States*, 236 F.3d 122, 126 (2d Cir. 2001)). Accordingly, "a second petition may be abusive if the petitioner raises new claims that he could have asserted in his prior petition, or repeats a previously asserted claim." *Id.* (citing *Esposito*, 392 F.3d at 550). Where a petitioner brings the same claims, he or she must show cause for cause doing so, "for

4

instance, by showing the 'the discovery of new facts or an intervening change in the law.'" *Id.* (quoting *Agoro v. United States*, 11-Civ. 1818 (SAS), 2011 WL 1330771, at 3 (S.D.N.Y. Apr. 4, 2011)). Where a petitioner raises claims that he or she could have raised in the first petition, he or she must "show cause for failing to raise [the claims] and prejudice therefrom." *McCleskey v. Zant*, 499 U.S. 467, 494 (1991); *see id.* at 493 (holding that a petitioner must show that some "objective factor external to the defense impeded counsel's efforts to raise the claim" in the initial petition). "If [a] petitioner cannot show cause, the failure to raise the claim in an earlier petition may nonetheless be excused if he or she can show that a fundamental miscarriage of justice would result from a failure to entertain the claim." *Id.* at 494-95.

Here, Petitioner has abused the writ. *Kumar I*, like the instant Petition, challenges Petitioner's January 21, 2026, arrest and subsequent detention by ICE. *See generally* Pet.; *Kumar I* Pet. Critically, both petitions claim the same constitutional violation stemming from Respondents' detention of Petitioner pursuant to the mandatory detention authority of 8 U.S.C. § 1225(b). *See* Pet. ¶¶48-61; *Kumar I* Pet. at 5-7. However, the instant Petition does not mention *Kumar I* or the relief granted in *Kumar I*, namely, the February 4, 2026 bond hearing. Nor does Petitioner identify, either in the instant Petition or his June 18, 2026 Letter, any new factual developments or intervening changes in the law since the February 4, 2026 bond hearing or the May 21, 2026 dismissal of *Kumar I* that warrants the filing of a successive habeas petition.

To the extent that Petitioner contends in his Letter that his February 2026 bond hearing did not remedy his "arbitrary re-detention without due process" and that the bond hearing "did not comport with his due process rights" because he bore the burden of proving he was not dangerous or a flight risk," Pet'r Letter at 2, Petitioner has not provided a reason for failing to appeal the *Kumar I* decision. *See Esposito*, 392 F.3d at 550 (affirming the denial of a successive habeas

5

petition and thereby noting the petitioner's failure to appeal the initial petition); *McCleskey*, 499 U.S. at 479-84 (discussing how, after appellate review became available for habeas petitions, courts began to limit the ability of petitioners to file successive petitions by, *inter alia*, developing and applying the abuse of the writ doctrine).

To the extent that Petitioner contends that the Second Circuit's decision in *Barbosa da Cunha v. Freden*, 175 F.4th 61 (2d Cir. 2026), provides an intervening change in law since the January 29, 2026 *Kumar I* Order that justifies a successive petition, the availability of an appellate remedy in *Kumar I* supports a finding of abuse of the writ here. On this issue, *Kuprashvili v. MDC Brooklyn*, 26-CV-2581 (NRM), 2026 WL 1481860 (E.D.N.Y. May 27, 2026), *reconsideration denied*, 2026 WL 1662197 (E.D.N.Y. June 9, 2026), is instructive. In that case, the court concluded that because the petitioner "still presently has the opportunity to raise these exact claims and arguments before the Second Circuit . . . [he] cannot show any 'resulting prejudice' from his prior inability to cite [*da*] *Cunha* . . . that would warrant reopening his virtually identical successive petition in this Court." *Kuprashvili*, 2026 WL 1662197, at *1 (quoting *Agoro*, 2011 WL 1330771, at *2). The same reasoning applies here. The court in *Kumar I* dismissed the petition and closed the case on May 21, 2026. *See Kumar I* Dismissal. Judgment has not yet been entered on the *Kumar I* docket. *See Kumar v. Soto*, 26-cv-793 (ES) (D.N.J.). Should Petitioner want to appeal the *Kumar I* Order in light of *da Cunha*, he is not foreclosed from doing so. *See* FED. R. APP. P. 4(a)(1)(B)(iii) (providing 60 days from the entry of judgment to file a notice of appeal when one of the parties is a United States officer or employee sued in an official capacity). Accordingly, the decision in *da Cunha* does not justify this Court's consideration of Petitioner's successive petition.

Finally, the Court notes two claims raised for the first time in the instant Petition that could have been raised in *Kumar I*. First, unlike in *Kumar I*, the instant Petition seeks a burden-shifted

bond hearing.  *Compare* Pet. ¶ 11*, with Kumar I* Pet. at 2.  However, Petitioner does not assert any "objective factor external to the defense [that] impeded counsel's efforts," *McCleskey*, 499 U.S. at 493-94, to seek such relief in *Kumar I*.  Second, the instant Petition alleges a violation of the INA, *compare* Pet. ¶¶48-52, *with Kumar I* Pet. at 5-8, but Petitioner does not allege any "objective factor," *McCleskey*, 499 U.S. at 493-94, that prevented him from raising such a claim in *Kumar I*.  Moreover, as discussed above, the availability of an appellate remedy in *Kumar I* to address the due process claim that is foundational to both petitions undermines any assertion that "that a fundamental miscarriage of justice would result from a failure to entertain" the newly added claims.  *Id.* at 494-95.

Accordingly, the instant Petition constitutes an abuse of the writ.

### CONCLUSION

For the foregoing reasons, the Petition is denied as an abuse of the writ.  The Clerk of Court is directed to enter judgment in accordance with this Memorandum and Order and close this case.

SO ORDERED.

  */s/*  

ORELIA E. MERCHANT  
United States District Judge

June 23, 2026  
Brooklyn, New York

7